UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
DETROIT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Civil Action No. _____ |
| JAMES C. MULHOLLAND, JR., MELANIE K. MULHOLLAND, and UTR 2, LLC, ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT FOR FRAUDULENT TRANSFER

COMES NOW, Plaintiff, the United States Securities and Exchange Commission ("SEC" or the "Commission"), and for its causes of action, alleges and states as follows:

1. This is a civil action against James C. Mulholland, Jr., to recover the proceeds from fraudulent transfers designed to hinder, delay and defraud his creditors, including the Commission pursuant to the Federal Debt Collections Practices Act, 28 U.S.C. § 3001, et seq., and Michigan state law.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this case under 28 U.S.C. § 1345, because the Plaintiff is an agency of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

4. Defendant James C. Mulholland, Jr. ("James Mulholland"), is currently

incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, MI, within the jurisdiction of this Court.

5. Defendant Melanie K. Mulholland ("Melanie Mulholland") resides in St. Pete Beach, Florida.

6. UTR 2, LLC ("UTR 2"), is a New Mexico limited liability company formed and controlled by Melanie Mulholland.

7. The Frederick Business Properties Company is a lending institution that currently holds a mortgage on 7201 Boca Ciega Drive, St. Pete Beach, Florida, and 334 78th Avenue, St. Pete Beach, Florida, both of which are currently owned by UTR 2.

## FACTUAL BACKGROUND

8. On October 22, 2012, the Commission filed a civil action in the Northern District of Michigan against Defendant-Judgment Debtor, James Mulholland and his twin brother in *SEC v. Thomas S. Mulholland, et al.* ("Complaint"). 1:12-cv-14663-TLL-CEB (E.D. Mich 2012). The Complaint alleged that James Mulholland and his brother operated a real estate business that involved buying, maintaining, and renting residential real estate in Michigan. In order to finance the real estate business, James Mulholland and his brother raised money from individual investors residing in Michigan and Florida through the offer and sale of securities in the form of demand notes.

9. Despite experiencing financial difficulties starting in 2009, James Mulholland and his brother continued to raise money from investors. In fact, from January 2009 through January 2010 approximately $2 million was raised from approximately 75 investors who were told false and/or misleading statements such as: the Mulholland real estate business was profitable, they would earn 7% per year on their investment, the returns would be generated by profits of the real

2

estate business, and that the investors could get their money back upon 30 days' written notice. Instead, Mulholland, his brother and the business all filed for bankruptcy in February 2010.[1]

10. James Mulholland consented to the entry of a final judgment without admitting or denying the allegations contained in the Commission's Complaint. On October 4, 2013, the Final Judgment ("Judgment") was entered. The Judgment permanently enjoined him from violating Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 and Sections 10(b) and 15(a) of the Exchange Act and Rule 10b-5 thereunder. The Judgment also required him to pay $690,370 in disgorgement, $70,348 in prejudgment interest and a civil penalty in the amount of $150,000.

11. After James Mulholland's bankruptcy case closed, the SEC notified him of his debt and demanded payment by way of a letter dated November 30, 2016. He made no payments towards his Judgment debt.

### Fraudulent Transfers Involving Water's Edge

12. On October 26, 2015, James and Melanie Mulholland formed UTR 3, LLC ("UTR 3").[2] On January 21, 2016, they conveyed a multi-million dollar property located at 50641 Jefferson Avenue, New Baltimore, Michigan ("Water's Edge"), to it for $10 consideration. Less than one year later, while James Mulholland was awaiting sentencing in a parallel criminal action at the Ingham County Correctional Facility, UTR 3 sold Water's Edge to a third party for a profit of almost $2 million. The sale proceeds were transferred to UTR 2, LLC ("UTR 2"), and used or otherwise spent at Melanie Mulholland's discretion.

13. The Commission filed an Application for Writ of Continuing Garnishment ("Garnishment") against James Mulholland in his individual capacity and/or doing business as

---

[1] Mulholland's chapter 7 case was closed without discharge on October 21, 2016. *In re Mulholland*, 10-01275-jtg (Bankr. E.D. Mich. 2010).
[2] James and Melanie Mulholland's interests in UTR 3 were 77% and 23% respectively.

3

UTR 2.  A Writ of Continuing Garnishment and the Clerk's Notice of Garnishment was entered on July 12, 2017.

14. The Court entered an order in favor of the Commission disbursing the garnished accounts on November 17, 2017.  In doing so, the Court determined that UTR 3 was the alter ego or nominee of James Mulholland and, through it, he and Melanie Mulholland fraudulently transferred nearly $2 million to UTR 2 to hinder, delay or defraud James Mulholland's creditor, the Commission.

15. In connection with the Garnishment the Commission was paid $435,717.74 in partial satisfaction of the Judgment.  As of June 29, 2018, $427,456.87 remains outstanding.

### Fraudulent Transfers Involving Other Real Property

16. On February 2, 2017, after the Court entered Judgment in favor of the Commission and against James Mulholland, he and Melanie Mulholland transferred property located at 7201 Boca Ciega Drive, St. Pete Beach, Florida, to UTR 2.

17. Also on February 2, 2017, the following rental properties, which were operated and managed by James Mulholland, were transferred to UTR 2:

    a. 334 78th Avenue, St. Pete Beach, Florida, which was originally deeded to Melanie Mulholland on September 14, 2009; and

    b. 3025 49th Street S, Gulfport, Florida, which was originally deeded to Melanie Mulholland on December 5, 2016.

18. Upon information and belief, Melanie Mulholland and UTR 2 purchased property located at 925 67th Street S, St. Pete Beach, Florida, with the funds received from UTR 3 on May 10, 2017.

**COUNT I**
**Fraudulent transfer to UTR 3**
**28 U.S.C. § 3304(a)(1) Debt Arising Before Transfer**

19. The SEC realleges and incorporates the above allegations.

20. At the time James and Melanie Mulholland transferred Water's Edge to UTR 3, as described above, the SEC was a creditor of James Mulholland.

21. The transfer from James and Melanie Mulholland to UTR 3 was fraudulent as to the SEC, since James and Melanie Mulholland did not receive reasonably equivalent value and the transfers rendered James Mulholland insolvent.

**COUNT II**
**Fraudulent transfer to UTR 2 and Melanie Mulholland**
**28 U.S.C. § 3304(a)(1) Debt Arising Before Transfer**

22. The SEC realleges and incorporates the above allegations.

23. At the time UTR 3 sold Water's Edge to a third party and transferred the sale proceeds to UTR 2 for Melanie Mulholland's use, as described above, the SEC was a creditor of James Mulholland.

24. The transfers from UTR 3 to UTR 2 and Melanie Mulholland were fraudulent as to the SEC, since UTR 3 and James Mulholland did not receive reasonably equivalent value and the transfers rendered James Mulholland insolvent.

**COUNT III**
**Fraudulent transfer to UTR 3**
**28 U.S.C. § 3304(b)Transfer With Intent to Hinder, Delay or Defraud a Creditor**

23. The SEC realleges and incorporates the above allegations.

24. The transfer from James and Melanie Mulholland to UTR 3 described above,

5

was fraudulent as to the SEC, since James and Melanie Mulholland did not receive reasonably equivalent value and the transfers rendered James Mulholland insolvent.

25. The transfer to UTR 3 was fraudulent as to the SEC, since it was made with the actual intent to hinder, delay or defraud the SEC.

26. With respect to the fraudulent transfer described above, the following badges of fraud are applicable and are to be considered in determining actual intent:

  a. the transfer was to an insider;

  b. James Mulholland retained possession or control of the property transferred after the transfer;

  c. the transfer was made after the Judgment was entered in favor of the Commission ordering James Mulholland to pay $760,718 in disgorgement and prejudgment interest and a civil penalty of $150,000;

  d. the transfer dissipated James Mulholland's assets;

  e. James Mulholland became insolvent after this transfer was made; and

  f. insufficient consideration was received by James Mulholland in exchange for the transfer.

## COUNT IV
### Fraudulent transfer to UTR 2 and Melanie Mulholland
### 28 U.S.C. § 3304(b)(1)(B)(ii) Transfer With Intent to Hinder, Delay or Defraud a Creditor

27. The SEC realleges and incorporates the above allegations.

28. The transfers from UTR 3 to UTR 2 and Melanie Mulholland, as described above, were fraudulent as to the SEC because UTR 3 and James Mulholland did not receive reasonably equivalent value and the transfers rendered it and James Mulholland insolvent.

29. The transfers to UTR 2 and Melanie Mulholland were fraudulent as to the

6

SEC, since they were made with the actual intent to hinder, delay or defraud the SEC.

30. With respect to the fraudulent transfer described above, the following badges of fraud are applicable and are to be considered in determining actual intent:

    a. the transfer was to an insider;

    b. the transfer was made after the Judgment was entered in favor of the Commission ordering James Mulholland to pay $760,718 in disgorgement and prejudgment interest and a civil penalty of $150,000;

    c. the transfer dissipated James Mulholland's assets;

    d. the transfers caused James Mulholland to become insolvent; and

    e. insufficient consideration was received by James Mulholland in exchange for the transfers.

## COUNT V
## FRAUDULENT TRANSFER TO UTR 3
## MCLS §§ 566.34(1)(a)
### Transfer With Actual Intent to Hinder, Delay or Defraud any Creditor

31. The SEC realleges and incorporates the above allegations.

32. The transfer from James and Melanie Mulholland to UTR 3 described above, was fraudulent as to the SEC, since James and Melanie Mulholland did not receive reasonably equivalent value and the transfers rendered James Mulholland insolvent.

33. The transfer to UTR 3 was fraudulent as to the SEC, since it was made with the actual intent to hinder, delay or defraud the SEC.

34. With respect to the fraudulent transfer described above, the following badges of fraud are applicable and are to be considered in determining actual intent:

    a. the transfer was to an insider;

  b. James Mulholland retained possession or control of the property transferred after the transfer;

  c. the transfer was made after the Judgment was entered in favor of the Commission ordering James Mulholland to pay $760,718 in disgorgement and prejudgment interest and a civil penalty of $150,000;

  d. the transfer dissipated James Mulholland's assets;

  e. James Mulholland became insolvent after the transfer was made; and

  f. insufficient consideration was received by James Mulholland in exchange for the transfer.

## COUNT VI
### FRAUDULENT TRANSFER TO UTR 2
### MCLS §§ 566.34(1)(a)
### Transfer With Actual Intent to Hinder, Delay or Defraud any Creditor

35. The SEC realleges and incorporates the above allegations.

36. The transfers from UTR 3 to UTR 2 and Melanie Mulholland, as described above, were fraudulent as to the SEC because UTR 3 and James Mulholland did not receive reasonably equivalent value and the transfers rendered it and James Mulholland insolvent.

37. The transfers to UTR 2 and Melanie Mulholland were fraudulent as to the SEC, since it was made with the actual intent to hinder, delay or defraud the SEC.

38. With respect to the fraudulent transfer described above, the following badges of fraud are applicable and are to be considered in determining actual intent:

  a. the transfer was to an insider;

8

      b.    the transfer was made after the Judgment was entered in favor of the Commission ordering James Mulholland to pay $760,718 in disgorgement and prejudgment interest and a civil penalty of $150,000;

      c.    the transfer dissipated James Mulholland's assets;

      d.    James Mulholland became insolvent after the transfer was made; and

      e.    insufficient consideration was received by James Mulholland in exchange for the transfer.

## COUNT VII
## FRAUDULENT TRANSFER TO UTR 3
## MCLS §§ 566.35(1)
### Transfer Without Receiving Reasonably Equivalent Value

39. The SEC realleges and incorporates the above allegations.

40. At the time of the transfer from James and Melanie Mulholland to UTR 3 described above, the SEC was a creditor of James Mulholland.

41. The transfer from James and Melanie Mulholland to UTR 3 was fraudulent as to the SEC, since James and Melanie Mulholland did not receive reasonably equivalent value and the transfers rendered James Mulholland insolvent.

## COUNT VIII
## FRAUDULENT TRANSFER TO UTR 2
## MCLS §§ 566.35(1)
### Transfer Without Receiving Reasonably Equivalent Value

42. The SEC realleges and incorporates the above allegations.

43. At the time of the transfers from UTR 3 to UTR 2 and Melanie Mulholland described above, the SEC was a creditor of James Mulholland.

44. The transfers from UTR 3 to UTR 2 and Melanie Mulholland were fraudulent

as to the SEC, since UTR 3 and James Mulholland did not receive reasonably equivalent value and the transfers rendered James Mulholland insolvent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States Securities and Exchange Commission, respectfully requests the Court to adjudge and decree as follows:

A. Pursuant to 28 U.S.C. § 3306(a)(1), the avoidance of the fraudulent transfers to the extent necessary to satisfy the civil penalty award entered against James Mulholland;

B. Pursuant to MCLS §§ 566.37(1)(a), the avoidance of the fraudulent transfers to the extent necessary to satisfy the disgorgement award entered against James Mulholland;

C. Pursuant to 28 U.S.C. § 3307(b), a money judgment against Melanie Mulholland and UTR 2, LLC, in an amount equal to the value of all assets fraudulently transferred to Melanie Mulholland and UTR 2, LLC, by James Mulholland, to the extent necessary to satisfy the civil penalty award entered against James Mulholland in the Final Judgment. In accordance with 28 U.S.C. § 3307(c), the value of such assets transferred, and therefore the amount of the money judgment, should be the value of the assets at the time of the respective transfers, subject to adjustment as the equities may require;

D. Pursuant to MCLS §§ 566.38(2)(a), a money judgment against Melanie Mulholland and UTR 2, LLC, in an amount equal to the value of all assets fraudulently transferred to Melanie Mulholland and UTR 2, LLC, by James Mulholland, to the extent necessary to satisfy the disgorgement award entered against James Mulholland in the Final Judgment. In accordance with 28 U.S.C. § 3307(c), the value of such assets transferred, and therefore the amount of the money judgment, should be the value of the assets at the time of the respective transfers, subject to adjustment as the equities may require;

E. Pursuant to 28 U.S.C. § 3306(a)(2), garnishment of bank and/or securities accounts maintained by Melanie Mulholland and UTR 2, LLC, up to the value of the assets transferred to and/or for their benefit, not to exceed the penalty awarded to the Commission in the Final Judgment;

F. Pursuant to 28 U.S.C. § 3306(a)(2), attachment of all property in the possession, custody or control of Melanie Mulholland and UTR 2, LLC,

        and in which Melanie Mulholland and UTR 2, LLC, has substantial non-exempt interests, up to the value of the assets transferred to and/or for the benefit of Melanie Mulholland and UTR 2, LLC, not to exceed the penalty awarded to the Commission in the Final Judgment;

G.      Pursuant to MCLS §§ 566.37(1)(b), an attachment or other provisional remedy against the assets of Melanie Mulholland and UTR 2, LLC, to the extent necessary to satisfy the disgorgement award entered against James Mulholland;

H.      Pursuant to MCLS §§ 566.37(1)(c), an injunction against the further disposition of the property transferred to Melanie Mulholland and UTR 2, LLC, and the appointment of a receiver to take charge of the asset, and sell the property; and

I.      Any other relief the circumstances or common law may require.

Dated: July 16, 2018        Respectfully submitted,

*/s/ Christy J. White*
Christy J. White (D.C. Bar No. 974102)
**U.S. Securities and Exchange Commission**
100 F Street, NE, Mail Stop 5628
Washington, DC 20549
Tel: 202-551-4502
Email: whitechr@sec.gov

**Local Counsel**
**Matthew Schneider**
**United States Attorney**

*/s/ Peter A. Caplan*
**Assistant U.S. Attorney**
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Tel: 313-226-9784
P-30643
Email: peter.caplan@usdoj.gov